**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 27, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

CONRAD CZAJKOWSKI,

    Plaintiff - Appellant,

v.

COMMISSIONER, SSA,

    Defendant - Appellee.

No. 23-1285
(D.C. No. 1:23-CV-00900-LTB-SBP)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BACHARACH**, **BALDOCK**, and **MORITZ**, Circuit Judges.
_____

Conrad Czajkowski, proceeding pro se, appeals from the district court's

sua sponte dismissal of his complaint for review of a Social Security Administration

("SSA") decision.  Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## I. BACKGROUND

In April 2023, Czajkowski filed a complaint for review of a Social Security disability benefits decision with the United States District Court for the District of Colorado. His initial complaint did not utilize the district court's approved complaint form and his second amended complaint was incomplete. In June 2023, the court directed Czajkowski to cure the filing deficiencies, reminded him that he needed to provide a copy of the SSA's final decision regarding his claim, and ordered him to show cause why his case should not be dismissed for lack of subject-matter jurisdiction. Czajkowski filed a third amended complaint but did not attach a copy of the final agency decision. He did not respond to the show-cause order.

Czajkowski alleged that he was approved to receive $797 per month in Social Security disability insurance benefits beginning in June 2022. The first benefits payment was deposited in his bank account on June 8, 2022. However, on July 13, 2022, he attempted to access the second benefits payment and found that it had not been deposited. He called an SSA office in Washington, D.C. about the missing payment and was informed that it should have been deposited.

Later that day, Czajkowski was arrested for a parole violation, and he has been detained since that time. Czajkowski asserts that he has not violated any condition of his parole or been convicted of a crime that would result in parole revocation. He has written to multiple SSA offices, inquiring about the missing disability insurance benefits, with no response. He has not received a decision from the SSA suspending or terminating his benefits.

2

For relief, Czajkowski asked the district court to order the SSA Commissioner to pay him disability insurance benefits dating back to July 2022. The district court dismissed without prejudice Czajkowski's third amended complaint, explaining that without a final agency decision it lacked subject-matter jurisdiction under 42 U.S.C. § 405(g). Czajkowski timely appealed.

## II. DISCUSSION

"If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). We review de novo the district court's dismissal for lack of subject-matter jurisdiction. *Mukantagara v. U.S. Dep't of Homeland Sec.*, 67 F.4th 1113, 1115 (10th Cir. 2023). Czajkowski represents himself, so we construe his filings liberally. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

Under the Social Security Act, federal district courts have jurisdiction to review "any *final decision* of the Commissioner of Social Security made after a hearing." 42 U.S.C. § 405(g) (emphasis added). "At the same time, Congress made clear that review would be available only 'as herein provided'—that is, only under the terms of § 405(g)." *Smith v. Berryhill*, 139 S. Ct. 1765, 1772 (2019) (quoting 42 U.S.C. § 405(h)). The applicable regulations provide that the SSA makes a final decision only after a disability claimant has completed four steps: (1) initial determination; (2) reconsideration; (3) a hearing before an administrative law judge; and (4) a request for review by the Appeals Council. 20 C.F.R. § 416.1400(a).

3

Here, the district court informed Czajkowski of the necessity of a final agency decision and gave him ample opportunity to provide one.  On appeal, Czajkowski asserts that he has "[n]ever received any type of decision" from the SSA "for ceasing [his] payments after only [one] month of receiving them."  Aplt. Opening Br. at 2.  He further asserts that the SSA "has not sent [him] any information regarding why [his] payments ceased before [he] was arrested."  *Id.* at 3 (capitalization and emphasis omitted).  It is therefore undisputed that Czajkowski does not have a "final decision of the Commissioner of Social Security."  42 U.S.C. § 405(g).  Moreover, it seems that Czajkowski has not completed the steps required for him to obtain a final decision from the SSA.  *See* 20 C.F.R. § 416.1400(a).  Consequently, we conclude the district court correctly dismissed Czajkowski's amended complaint for lack of subject-matter jurisdiction.

### III.  CONCLUSION

We affirm the district court's judgment dismissing Czajkowski's amended complaint.  We grant his motion for leave to proceed without prepayment of costs and fees.

Entered for the Court

Nancy L. Moritz
Circuit Judge

4